UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.

MOHAMAD HACHEM, individually, and
SNEAKER IMPACT, INC., a Florida Corporation

      Plaintiff,

v.

REFINITIV US ORGANIZATION LLC,
a Delaware Limited Liability Company,
and REFINITIV US LLC,
a Delaware Limited Liability Company,

      Defendants.

_____/

## **COMPLAINT**

Plaintiff, MOHAMAD HACHEM ("Mr. Hachem") and Sneaker Impact, Inc. ("Sneaker Impact"), hereby sue Defendants, REFINITIV US ORGANIZATION LLC,  a Delaware Limited Liability Company, and REFINITIV US LLC, a Delaware Limited Liability Company (collectively "REFINITIV") and allege the following:

1. Mr. Hachem and Sneaker Impact bring this action to recover damages caused by REFINITIV's defamatory statements regarding Mr. Hachem's criminal history after REFINITIV's database falsely claimed that Mr. Hachem had been convicted of a federal financial felony and sentenced to one year in prison.

2. Mr. Hachem is the President and sole owner of Sneaker Impact.

3. Mr. Hachem has asked REFINITIV to remove the defamatory statements from its database, but REFINITIV has failed to do so.

4.      As a result of REFINITIV's conduct, Mr. Hachem and Sneaker Impact have suffered damage to their reputations and have been precluded from transacting with foreign banks or expanding Sneaker Impact's business into Europe.

**JURISDICTION, VENUE, AND PARTIES**

5.      This Court has jurisdiction pursuant to 28 U.S.C. § 1332, as this matter involves parties who are citizens of different states/countries with a complete diversity of citizenship for damages greater than $75,000, exclusive of interest and costs.

6.      Mr. Hachem is a citizen of the United States and resides within the Southern District of Florida in Miami-Dade County.

7.      Mr. Hachem is the sole owner of Sneaker Impact, a Florida Corporation doing business within the Southern District of Florida, Miami-Dade County with its principal place of business at 7455 NE 2nd Avenue, Miami, Florida, 33138.

8.      Sneaker Impact allows individuals to donate gently used sneakers at drop-off locations. Sneaker Impact then sells the sneakers at a fraction of their value to small businesses in developing countries, allowing members of developing communities to have access to affordable footwear.

9.      Defendant, REFINITIV US ORGANIZATION LLC, is a Delaware Limited Liability Company. None of REFINITIV US ORGANIZATION LLC's members are citizens of the State of Florida.

10.     Defendant REFINITIV US LLC, a Delaware Limited Liability Company. None of REFINITIV US LLC's members are citizens of the State of Florida.

11.     REFINITIV collectively operates the World-Check Risk Intelligence Database (the "World-Check Database"). According to the World-Check Database website, the World-Check

Database allows users to perform background checks on individuals, and provides lists of potentially exposed persons, global sanctions and law enforcement lists, negative media, and criminal histories.

12.     Venue is proper in the Southern District of Florida, Miami Division pursuant to 28 U.S.C. § 1391(b)(2) as a substantial part of the events or omissions giving rise to the claim and the harm to Mr. Hachem's businesses occurred within the Southern District of Florida.

**GENERAL FACTUAL ALLEGATIONS**

13.     In 2022, Mr. Hachem was working toward expanding Sneaker Impact's business operations and business model into Europe.

14.     To effectuate the expansion, Mr. Hachem attempted to engage Bolder Launch (Netherlands) B.V. ("Bolder Launch"), a company in the Netherlands that assists customers in forming corporations, opening bank accounts, and creating business plans in Europe.

15.     As of November 2022, Bolder Launch was preparing the deed of incorporation of Sneaker Impact B.V., to be an affiliate of Sneaker Impact, owned by Mr. Hachem, when its notary queried the World-Check Database and received a notification that stated, falsely, that Mr. Hachem has been criminally convicted of financial fraud. *See* Exhibit A.

16.     That notification came from the World-Check Database. *See* Exhibit B. The World-Check notification falsely stated that Mr. Hachem was sentenced to one year imprisonment for a financial crime.

17.     Specifically, the World-Check Database reflected that it sources were:

- http://www.fbi.gov/miami/press-releases/2012/arrest-made-on-charges-of-failure-to-file-currency-transaction-reports?utm_campaign=email-Immediate&utm_medium=email&utm_source=miami-press-releases&utm_content=100941;
- https://www.justice.gov/archive/usao/fls/PressReleases/2012/120523-04.html; and

3

- https://www.pacer.gov/findcase.html

18.     Mr. Hachem has never been criminally convicted of financial fraud. He pleaded guilty to an Information charging a ***misdemeanor*** offense of failing to supply information to the internal revenue service at the time required by law or regulation, and was sentenced to one (1) year ***probation***, not imprisonment. *See* Exhibit C.

19.     A cursory review of the press releases cited by the World-Check Database as the sources for their conclusion that Mr. Hachem had been sentenced to one year imprisonment for a financial crime reveal that the press releases concerned the ***arrest of an individual named Abbas Hachem***, not Mr. Hachem.

20.     While Mr. Hachem is mentioned in the press release, the press releases make no mention of Mr. Hachem or anyone else being ***sentenced*** to one year imprisonment for a financial crime or any other criminal sentence.

21.     Similarly, a cursory review of the federal Public Access to Court Electronic Records system ("PACER") would likewise show that Mr. Hachem had never been sentenced to one year imprisonment for a financial crime.

22.     The PACER system clearly reflected that Mr. Hachem had not been sentenced to one year imprisonment for a financial crime and had merely pleaded guilty to an Information charging a ***misdemeanor*** offense of failing to supply information to the internal revenue service at the time required by law or regulation, and was sentenced to one (1) year ***probation***, not imprisonment.

23.     REFINITIV's statements on its World-Check Database claiming that Mr. Hachem had been sentenced to one year imprisonment for a financial crime were knowingly false, or made with a reckless disregard for the truth.

24.     REFINITIV's statements on its World-Check Database claiming that it has sourced its information from government press releases and PACER to bolster its statement that Mr. Hachem had been sentenced to one year imprisonment for a financial crime, were likewise knowingly false, or made with a reckless disregard for the truth.

25.     As a result of REFINITIV's false and reckless statements regarding Mr. Hachem's criminal history, Bolder Launch terminated its services with Mr. Hachem, leaving Mr. Hachem responsible for its charges for services, but without the provision of such services. *See* Exhibit A.

26.     As a result of REFINITIV's false and reckless statements made to individuals via its World-Check Database regarding Mr. Hachem's criminal history, Mr. Hachem and Sneaker Impact have been unable to conduct business in the Netherlands or elsewhere in Europe.

27.     On January 12, 2023, undersigned counsel sent a letter to REFINITIV advising it that the World-check Database contained inaccurate information and attached Mr. Hachem's documentation to show that REFINITIV's information was false.

28.     On January 17, 2023, REFINITIV advised undersigned counsel that it had amended the information in the report based on the documentation undersigned provided, and advised that the changes should be visible on the report in approximately twenty-four hours.

29.     However, the damage has been done, as Mr. Hachem is still unable to pursue business opportunities in Europe due to the false information. And, to the best of Mr. Hachem's knowledge, REFINITIV has not issued any retraction or notice to all World-Check users who queried Mr. Hachem's background or viewed the false information.

30.     Thus, Mr. Hachem and Sneaker Impact continue to be harmed by this incorrect information.

31. All conditions precedent have been satisfied or waived. Although REFINITIV is not a typical "media defendant," out of an abundance of caution, Mr. Hachem and Sneaker Impact have sent notice to REFINITIV pursuant to § 770.01, Fla. Stat.

**COUNT 1**
**DEFAMATION *PER SE***

32. Mr. Hachem and Sneaker Impact re-allege paragraphs 1 – 31 as if fully stated herein.

33. REFINITIV knowingly made false statements, or made such statements with reckless disregard for the truth, regarding Mr. Hachem's criminal history in its on its World-Check Database and made such information available to Bolder Launch – and anyone else who wanted to request information – in which it falsely states that Mr. Hachem was convicted of a felony financial crime and imprisoned for one year, when in reality, he pled guilty to a misdemeanor and sentenced to one year probation.

34. REFINITIV was put on notice that the information contained in the report was incorrect, yet despite acknowledging its incorrectness, have not issued a retraction or notice to all World-Check users who accessed the information that the information was false.

35. Such false statements constitute defamation *per se* as they pertain to Mr. Hachem's criminal history.

36. Such false statements about Mr. Hachem harm Sneaker Impact, as it constitutes defamation per se against its sole owner and principal.

37. As a direct and proximate result of REFINITIV's *per se* defamatory statements, Bolder Launch terminated its services to Mr. Hachem; additionally, Mr. Hachem and Sneaker Impact have been denied business opportunities, have been precluded from expanding their business into Europe, and suffered substantial reputational harm.

6

38.     Mr. Hachem and Sneaker Impact are therefore entitled to recover compensatory and punitive damages in an amount to be proven at trial, and other relief that the Court may deem proper.

WHEREFORE, Mr. Hachem and Sneaker Impact demand judgment against REFINITIV US ORGANIZATION LLC and REFINITIV US LLC for compensatory and punitive damages for Defendant's defamatory actions, interest, and such further relief as the Court deems appropriate.

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury on all matters triable as a right by a jury.

Dated: May 4, 2023                    TACHE, BRONIS & DESCALZO, P.A.
                                       150 SE Second Avenue, Suite 600
                                       Miami, Florida 33131
                                       T: 305-537-9565
                                       F: 305-537-9567

                                       By: /s/ *Marissel Descalzo*
                                           **Marissel Descalzo, Esq.**
                                           Florida Bar No. 0669318
                                           mdescalzo@tachebronis.com
                                           service@tachebronis.com